Joseph **IACONELLI**

v.

**ANCHOR LINES, LTD.**

v.

**MURPHY COOK AND COMPANY.**
Civ. A. No. 68269.

United States District Court,
E. D. Pennsylvania.

Dec. 3, 1970.

Louis Samuel Fine, Philadelphia, Pa., for plaintiff.

Timothy J. Mahoney, Krusen, Evans & Byrne, Philadelphia, Pa , for defendant.

F. Hastings Griffin, Jr., Dechert, Price & Rhoads, Philadelphia, Pa., for third-party defendant.

## OPINION

JOSEPH S. LORD, III, District Judge.

This is a suit by a longeshoreman who was injured when a cable securing a boom parted. The vessel joined the stevedoring company, plaintiff's employer, as third party defendant. The third party complaint was filed on May 15, 1968.

The accident happened when a cable, a part of the ship's gear securing the boom, broke, permitting the boom to swing. It is alleged that there was also a manila line attached to the boom, called a working guy, to hold the boom secure if the cable broke. The third party complaint alleged in general terms breach of the stevedore's warranty of workmanlike performance, with no specification of how the alleged breach occurred.

On June 18, 1968, plaintiff addressed interrogatories to defendant. On August 1, 1968, defendant was ordered to file answers within 90 days. This order was not complied with, and on November 14, 1968, a second order was entered directing that answers be filed within 30 days. Answers were finally filed on February 3, 1969. Interrogatory No. 3 was:

"3. State when this accident first came to the attention of defendant or any representative of defendant. By whom it was reported and to whom."

Defendant answered:

"3. The accident first came to the attention of Defendant through its Chief Officer aboard the SS. SICILIA, Mr. Sawers, who was called to the accident scene very shortly after it occurred. It was determined subsequently that an Able Seaman, Donald Campbell, had arrived at scene of accident as it was occurring."

Interrogatory No. 6(a) and (b) asked:

"6. a. List the names and addresses of persons known or believed by defendant or any person acting in defendant's behalf to have been within sight or hearing of the accident.

b. Except as set forth in "a" above, what are the names and addresses of all persons known or believed by defendant or any person acting in defendant's behalf to have first

hand knowledge of the facts and circumstances of the accident or of the events leading up to or following it."

Defendant answered:

"6. (a) Defendant has information, for the accuracy of which it cannot vouch, that the accident was witnessed by longshoremen Jerome Palumbo, Charles Jankowski and George Ainis. Defendant believes that other longshoremen may also have witnessed the accident. Defendant does not presently know whether any vessel personnel witnessed the accident.

(b) In addition to the foregoing, Defendant believes that Chief Officer Sawers has first-hand knowledge of certain facts and circumstances relating to the accident and events before and after."

On February 6, 1969, defendant's counsel wrote to third party defendant's counsel stating as follows:

"We know that the working guy was not properly secured because when the preventer parted the working guy did not part and did not maintain the boom in position. The working guy was seen to loosen at the point where it had apparently been secured by Murphy Cook personnel permitting the boom to swing inshore. We will be in a position to offer proof that the boom was positioned by Murphy Cook personnel and that they secured the preventer and working guy or that they should have done so. If they failed to secure the working guy or if they failed to check the working guy before using the gear they were equally at fault."

Promptly thereafter, on February 24, 1969, third party defendant directed interrogatories to defendant asking, *inter alia*:

"16. State the names and addresses of all witnesses who saw the working guy attached to the boom in question loosen at the point where it was alleg-edly secured by employees of the third-party defendant."

On April 25, 1969, an order was entered requiring answers within 30 days. This order was not complied with and on September 25, 1969, a second order was entered requiring answers within 30 days. After 19 months and 2 court orders, the answers were filed on September 8, 1970. The answer to third party defendant's Interrogatory No. 16 reads:

"Mr. Sawers, upon examining the gear immediately following the accident, saw that the guy rope had slipped and, according to defendant's understanding, Mr. Campbell saw the movement of the boom and discerned that the guy rope held in the sense that it did not break, but loosened, permitting the boom to move inshore."

Campbell is now in school in Scotland. Sawers is at sea and will not return to New York until December 7. He is no longer in defendant's employ. The case appeared as No. 4 on the trial list commencing November 16, 1970. Third party defendant has filed the present motion to prohibit defendant from introducing any evidence concerning the working guy, alleging that defendant's delay in answering its interrogatories, particularly No. 16, has so effectively prevented discovery concerning the working guy that it cannot adequately defend against the third party complaint. Third party defendant further represents that even if allowed to depose Campbell and Sawers immediately, there is no guarantee that such depositions would not lead to further protracted discovery. The net result of all this is that because of defendant's undue delay, plaintiff will be indefinitely delayed in the trial of his case if third party defendant is to be permitted to present its defense.

Defendant argues that its answers to plaintiff's Interrogatories Nos. 3 and 6(a) and (b) should have alerted third party defendant to the fact that Sawers

and Campbell were the witnesses who had knowledge concerning the rigging of the working guy. We do not agree. Plaintiff's Interrogatory No. 3 simply asked when the accident first came to defendant's attention and by whom and to whom it was reported. The answer in response to that question hardly revealed that the persons named had knowledge concerning the working guy. The answer to No. 6 was no more revealing and certainly no more specific.

On the other hand, third party defendant's Interrogatory No. 16, following defendant's letter of February 6, 1969, went directly to the specific question of witnesses as to the working guy. It was defendant's failure to answer this question that prevented the full discovery required by third party defendant. And it is the lack of this discovery that is presently an impediment to the trial of this case, which is otherwise ready.

We cannot permit unconscionable delay by one party to frustrate the prompt and efficient administration of justice. This defendant has ignored 4 orders of this court to answer interrogatories. Two of them were in connection with third party defendant's interrogatories, which, if complied with promptly, would have avoided the present situation. We cannot countenance such trifling with the orderly administration by the court of its heavy backlog of litigation.

When a party fails to answer interrogatories or to comply with an order requiring discovery, the court may enter:

"An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence." Fed.R. Civ.P. 37(b) (2) (B).

If that Rule is not to be invoked in this case, where there was a 19 month delay in answering and the disregard of 2 court orders, it simply has no meaning or function. We will grant third party defendant's motion to prohibit evidence concerning the working guy. An appropriate order will be filed with this opinion.

### ORDER

And now, this 3rd day of December, 1970 it is hereby ordered that defendant, at the trial of the above-captioned action, shall not be allowed to support its claim regarding improper securing of the working guy and is prohibited from introducing any testimony or other evidence concerning the working guy.