**Al O. PLANT, Plaintiff,**

v.

**CHRYSLER CORPORATION,
Defendant.**

Civ. A. No. 4601.

United States District Court,
D. Delaware.

July 15, 1975.

Alfred J. Lindh, Wilmington, Del., for plaintiff.

Michael D. Goldman, Potter, Anderson & Corroon, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

MURRAY M. SCHWARTZ, District Judge.

The present motion before the Court is a motion to dismiss with prejudice for failure to answer interrogatories and is in reality a second such motion, the first having been denied. Unfortunately, it is necessary to detail the long and tortuous history surrounding the interrogatories and the failure of plaintiff to fully respond thereto.

Defendant filed an answer on April 16, 1973 to plaintiff's complaint filed on March 7, 1973. Thereafter, on May 21, 1973 and May 31, 1973 defendant directed two sets of interrogatories to plaintiff. For the purposes of determining the instant motion, nothing further occurred until June 3, 1974 when plaintiff discharged his lead counsel, a Washington, D.C. attorney. Thereafter, plaintiff's Washington, D.C. counsel as well as his associate local counsel moved to withdraw as counsel for plaintiff. Since the plaintiff had previously discharged his counsel, the Court granted the motion to withdraw on June 25, 1974 providing, *inter alia*, as follows:

"FURTHER ORDERED that if the plaintiff retains new counsel or pro-

ceeds *pro se*, he shall have no more than ninety (90) days from this date to answer the outstanding interrogatories served by him by the defendant or thirty (30) days after counsel is retained and enters an appearance, whichever is shorter.

"FURTHER ORDERED that the Clerk mail a copy of the foregoing Order to the plaintiff by registered mail, return receipt requested at his address which appears on the caption of the complaint."

On July 25, 1974 present counsel for plaintiff entered his appearance and at his request was granted until September 20, 1974 as the time within which to answer the interrogatories that were filed in May of 1973.

On October 10, 1974 plaintiff filed a motion for extension of time to answer interrogatories and for leave to proceed *pro se*, citing the noncooperation of his previously discharged Washington, D.C. counsel and the financial inability of plaintiff to continue with his present counsel.

During the next seven days defendant moved to dismiss with prejudice, citing plaintiff's continued failure to answer the interrogatories in question and plaintiff's present counsel moved to withdraw. On October 30, 1974 defendant's motion to dismiss was denied as was plaintiff's counsel's motion for withdrawal. At the same time the Court extended the time for answering the two sets of interrogatories to December 16, 1974. On December 16, 1974 plaintiff answered the interrogatories and supplied "Supplementary Answers" on December 19, 1974.

Thereafter, counsel for defendant not being satisfied with the answers to interrogatories attempted to get further answers informally and to obtain copies of plaintiff's income tax returns.[1]

On February 27, 1975 defendant advised plaintiff's counsel he would file a motion to compel further answers to interrogatories if answers to the same were not to be supplemented voluntarily. On April 11, 1975 defendant filed a motion to compel further answers to interrogatories. After hearing on notice on April 23, 1975, plaintiff was further ordered to answer 13 of the 14 interrogatories which defendant asserted had not been properly answered. In addition, the Court assessed $180 attorneys fees against plaintiff for his failure to adequately answer the interrogatories which on that date had been outstanding approximately 23 months.

During the first week of May plaintiff formulated a "Position Paper" and also sent a communication directly to the Court, the gist of which was he would not pay the $180, nor would he supply further answers to the interrogatories. In response, the Court wrote the following letter to plaintiff:

"I am in receipt of Mr. Lindh's letter of May 7th which included your "Position Paper" and a May 9th letter sent to me directly by you.

"You are strongly urged to both consult and cooperate with your attorney in abiding by the orders of this Court. Failure to do so could and probably will ultimately lead to this Court having no recourse but to impose sanctions resulting in dismissal of your cause of action, a remedy expressly provided by the Federal Rules of Civil Procedure.

"The writing of this letter is a departure from normalcy since communications should ideally be directed to counsel. This letter is written so that there can be no question as to direct communication to you of what I regard as an ultimate probability unless you should choose to conduct yourself like all litigants who request relief in a federal court. In the future, please direct all communications through your counsel."

---

1. The attempt to obtain production of the income tax returns plays no part in the Court's disposition of this matter and will not hereafter be referenced.

On the same date the Court addressed an additional letter to plaintiff's counsel urging him to emphasize to his client the necessity for compliance with the discovery rules and "sanctions which can follow from failure to comply with orders of the Court."

On May 15, 1975 plaintiff through his counsel filed a motion for relief from sanctions and for extension of time within which to answer interrogatories. Contemporaneously therewith, plaintiff's counsel wrote to plaintiff referencing the motion he had filed on plaintiff's behalf and stated as follows:

"In view of the position you have taken in this matter with your letter and position paper of May 7, 1975, I felt I needed to take action to give you adequate time to reflect on your course of action. I have filed a Motion in the U. S. District Court asking the Court to reconsider its ruling on allowing counsel fees to Chrysler Corporation in connection with preparation and presentation of Chrysler's Motion to compel further Answers to your previously filed Answers to Interrogatories and asking the Court to allow an additional 30 days during which you might file additional Answers. Although you did not ask me to take this step, I see no way in which you can be adversely affected by having additional time.

"Additionally, I feel that I want to urge you to reconsider your position. I understand that you believe that Judge Schwartz acted in error in signing an order compelling you to furnish additional information in response to Chrysler's Interrogatories. Assuming that you are correct in this belief, I still urge you to comply with the Order so that your litigation may may [sic] be put in a posture to be decided on its intrinsic merits rather than on the procedural question now before us. Whether the law should be as it is or not, I doubt that a Court of Appeals would reverse Judge Schwartz in this case. You may be entirely correct in believing that the law should provide greater protection for the relatively poor litigant against litigants like Chrysler Corporation, but at the present time, the law requires all parties to submit to the same broad discovery demands such as the Interrogatories which were posed in the case. Judge Schwartz's rulings are not unusual in view of the present state of the law.

"Please understand that I am urging you to reconsider the matter so that your case may be decided upon its merits, and for no other reason. If the law is to be changed to make it easier for the relatively poor litigant to litigate with parties like Chrysler Corporation in civil rights matters, that change may require legislative action or other remedies broader than are provided by the scope of this litigation. If you want to pursue that question, I suggest that it is better done independently of the present suit.

"However, I recognize that the final decision remains yours. Nothing I have said in this letter is intended to suggest that the Court cannot be in error."

On May 23, 1975 the Court denied plaintiff's motion for relief from sanctions and granted plaintiff until June 23, 1975 as the date by which further answers to interrogatories were to be filed. Plaintiff having made no further answers to interrogatories, defendant moved on June 30, 1975 to dismiss with prejudice.

In summary, plaintiff failed to answer any of the interrogatories from May, 1973 to December, 1974. The answers filed in December, 1974 were only filed after a Court hearing and entry of an order to the effect that they must be answered. Answers to interrogatories 3, 4, 6, 7, 8, 13, 14 and 18 were incomplete and there was a total failure to answer interrogatories 9, 10, 11, 12 and 17.

I find that plaintiff's failure to comply with the Federal Rules of Civil Proce-

dure and the orders of this Court are not attributable to the inability of the plaintiff to supply adequate answers, but rather is due to willfulness and bad faith on the part of the plaintiff. From the documents in the record it is obvious plaintiff has made a decision not to comply with the orders of the Court relating to discovery. The "Position Paper" and the May 9, 1975 communication to the Court amply illustrate plaintiff expressed intention of not complying with discovery orders of the Court. In that sense, failure to comply with the Federal Rules of Civil Procedure and Court orders are the fault of plaintiff. *Cf. Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

There has been considered the possibility of imposition of less drastic sanctions under Rule 37. However, upon reviewing the entire record and considering the advisability of other sanctions when weighed against the drastic remedy of dismissal, it was concluded where as here plaintiff has "acted in willful and deliberate disregard of reasonable and necessary court orders" the drastic sanction of dismissal is justified and should be applied. *Cf. Trans World Airlines, Inc. v. Hughes*, 332 F.2d 602 (2d Cir. 1964). This result is especially appropriate where plaintiff has been fairly apprised of the probability of imposition of the sanction of dismissal and thereafter persists in his attitude of abject refusal with respect to discovery.