**Roger M. REEB, Appellant,**

v.

**Ray MARSHALL, Secretary, United States Department of Labor, Appellee.**

No. 79–1829.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1980.

Decided June 19, 1980.

---

* The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri, sitting by designation.

John R. Myer, Atlanta, Ga., argued, for appellant; Lee V. Swinton, Kansas City, Mo., on brief.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., argued, for appellee; Ronald S. Reed, U. S. Atty., and John A. Weiss, Atty., U. S. Dept. of Labor, Kansas City, Mo., on brief.

Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Appellant Roger M. Reeb complains of her discharge from her position with the United States Department of Labor Regional Office in Kansas City, Missouri, alleging that she has been the victim of sex-based discrimination. After exhausting her administrative remedies, Reeb brought this action, claiming a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Reeb appeals from the district court judgment in favor of the defendant.

On June 25, 1972, appellant Reeb was appointed to the position of Social Science Advisor, GS–13, serving as Regional Director of the Women's Bureau of the Employment Standards Administration, Region VII. The position was a new one, involving travel to conferences and meetings around the four-state Region VII area for the purpose of informing Department of Labor personnel and the general public about various laws and programs affecting the rights of working women. Almost from the start, a strained relationship developed between Reeb and her immediate supervisor, Assistant Regional Director Doyle Loveridge. Loveridge has claimed, among other things, that Reeb was disorganized and unwilling to follow directions, and Reeb has claimed that she was harassed by Loveridge because she did not fit his stereotypic model of a professional woman.

The dispute between Reeb and Loveridge finally culminated, on November 17, 1972, in Loveridge presenting Reeb with the following memorandum:[1]

I have advised and counseled you on several occasions that there were various aspects of your performance and work attitude that required correction. On our meeting on September 29, 1972, you were advised that you were deficient in work planning and organization. You were also advised that you failed to respond to instructions and frequently exercised poor judgment in dealing with Department of Labor employees and outside groups. You were advised that except for your secretary, instructions and orders were not to be given to other Re-

---

1. Although the memorandum was dated November 17 , 1972, and was shown to Reeb on that date, Loveridge agreed to delay formal delivery in order not to jeopardize Reeb's chances with other employment applications she had pending at that time. The memorandum was actually delivered to Reeb on November 28, 1972.

gional Office personnel. You were further advised at that time that unless there were improvements, you would not be retained in your position.

Improvements in the above areas have been minor and, in fact, there has been some deterioration in certain areas. You continue to fail to advise me of your activities, submit required reports on time, perform work at your residence without prior approval, fail to clear speech material with me contrary to instructions, and conduct press interviews without prior approval, also contrary to specific instructions. Your working relationship with other ESA personnel is poor. All of these items seriously impair the satisfactory execution of the Women's Bureau and ESA mission to such an extent that your removal from office becomes necessary.

I am taking the necessary action to separate you from the Employment Standards Administration effective c. o. b. December 1, 1972.

The formal written termination notice, form SF–50, gave the following reasons for Reeb's discharge:

Deficient in work planning and organization. Failure to keep supervisor advised of activities; to clear speech material prior to presentation; and conduct press interviews without prior approval, which is contrary to specific instructions.

Following her discharge, Reeb filed a written notice of complaint alleging that she had been discriminated against because of her gender. Upon being notified that an initial investigation by a Department of Labor representative failed to substantiate her claim, Reeb requested and received a hearing before an Equal Employment Opportunity Complaint Examiner. Pursuant to the examiner's recommendation, the Department of Labor issued a formal decision that Reeb's termination was not due to sex discrimination. Reeb appealed to the Civil Service Commission Board of Appeals and Review, and the Board affirmed the Department of Labor decision. Having thus exhausted her administrative remedies,

Reeb brought this action in federal district court, claiming a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* After a trial, the district court concluded that Reeb had failed to prove a prima facie case of sex-based discrimination and entered judgment in favor of the defendants. Reeb appeals, asserting that the district court erred in determining that the decision to terminate was based solely on nondiscriminatory grounds.

Because Reeb was a probationary employee, the only issue before the administrative tribunals and the district court was whether sex-based discrimination had occurred. In the absence of such discrimination, the reasons for discharge were not and are not reviewable.

In determining whether discrimination has occurred, the "Title VII plaintiff carries the initial burden of showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a discriminatory criterion illegal under the Act.'" *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 576, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978) (quoting *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977)); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Once this prima facie case has been established, the burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* at 802, 93 S.Ct. at 1824.

As noted, the district court determined that Reeb was not the victim of sex-based discrimination, holding that she had failed to make the requisite prima facie showing. We need not decide, however, whether this finding was clearly erroneous. We are convinced that even if Reeb has made out a prima facie case by showing that no professional woman had previously been hired in Region VII at a GS–13 level, the appellee has successfully rebutted the inference that her discharge was due to sex-based discrimination. We have carefully reviewed the

record and are satisfied that the reasons given by the appellee for Reeb's discharge are supported by the evidence presented both at trial and in the administrative hearing.

Reeb asserts, however, that the reasons given for her discharge were merely pretextual. She maintains that the real reason was her failure to conform to her supervisor's stereotype of a professional woman—a docile, unaggressive female.

If it were true that Reeb was discharged because she did not behave as her supervisor believed a woman should, Reeb's claim of discrimination would be established and we would be required to reverse. The fact that a woman was hired to replace Reeb would not obviate that result.

On the basis of the record before us, however, we think it clear that the reasons for discharge articulated by the appellee and considered by the district court, particularly her tardy arrivals at work and her late and inadequate reports, were sufficient to justify Reeb's termination from her probationary position. The district court did not clearly err in concluding that sex-based discrimination played no role in Reeb's discharge. Accordingly, we affirm.