Stanley I. JOSELSON, et al.

v.

LOCKHART–BRIGHT ASSOCIATES, et al.

Civ. A. No. 79–2560.

United States District Court, E. D. Pennsylvania.

Aug. 12, 1982.

Carl H. Hanzelik, Philadelphia, Pa., for plaintiffs.

Alexander Zdrok, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This action began on July 13, 1979 when plaintiffs filed with this Court a complaint alleging that they were injured by defendants' violations of federal and state securities laws and common law fraud in connection with plaintiffs' involvement in several business transactions. The complaint names more than twenty co-defendants. Two of them are Glen Paden ("Paden") and Revere Coal Company ("Revere"). Plaintiffs have moved for a default judgment against Paden and Revere on the ground that these defendants have failed to comply with the orders of this Court. For the reasons hereinafter set forth, the Court will enter an Order granting plaintiff's motion and enter judgment by default against defendants Paden and Revere.

Since the inception of this litigation, plaintiffs' counsel has sought discovery from defendants Paden and Revere, who are represented by the same defense counsel, Alexander Zdrok, Esquire. Plaintiffs submitted interrogatories to Paden and Revere on August 31, 1979, March 19, 1981, July 2, 1981, and September 10, 1981. As of this date, Paden and Revere have not responded to these interrogatories.

On April 22, 1981, this Court entered an Order requiring Paden and Revere to respond to plaintiffs' interrogatories, Set No. 1, and request for production of documents, Set No. 1, within ten days of the entry of the Order. As of this date, defendants Paden and Revere have neither answered plaintiff's first set of interrogatories nor provided the requested documents.

Plaintiffs' counsel has also sought to take the oral deposition of Mr. Paden. On March 2, 1981, this Court entered an Order which, *inter alia*, required that Mr. Paden's deposition be taken. The aforesaid Order set forth a deposition schedule which called for Mr. Paden's deposition to be taken on July 30, 1981 and, if necessary, July 31, 1981. Mr. Paden did not appear for this scheduled deposition.

On November 10, 1981, plaintiffs filed a motion seeking a default judgment against Paden and Revere on the basis of their refusal to provide discovery as ordered by this Court. At that time, Paden and Revere had not made any response to this Court's Orders concerning this case. This Court, however, provided them with yet another opportunity to comply with the Federal Rules of Civil Procedure and the Orders of this Court. On December 8, 1981, this Court entered an Order requiring that Paden and Revere answer plaintiffs' interrogatories and requests for document production, and produce Mr. Paden for oral deposition by December 21, 1981. The record indicates that defendants' counsel, Mr. Zdrok, received this Order as he did all other orders pertaining to this case. In response to the December 8, 1981 Order, plaintiffs noticed Mr. Paden's deposition for December 18, 1981 at 10:00 A.M. in the

office of plaintiffs' counsel. Mr. Paden did not appear for that deposition. It was not until December 31, 1981 that Mr. Zdrok sent a letter to this Court stating that Mr. Paden was unable to attend the deposition due to a scheduling conflict that could not be resolved within the time limits set forth in this Court's Order of December 8, 1981, and stating he would make Mr. Paden available for the taking of his deposition. As of this date, Mr. Paden has not been made available for the taking of his deposition.

The Court has therefore determined that it will grant the plaintiffs' motion for a default judgment, which was filed on November 10, 1981. Defendants Paden and Revere have not only failed to provide the discovery ordered, they have failed to provide any discovery whatsoever.

Federal Rule of Civil Procedure 37(d) provides

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, *the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule.* In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objec-tionable unless the party failing to act has applied for a protective order as provided by Rule 26(c). (emphasis added). Rule 37(b)(2)(C) provides that if a party fails to obey an order to provide or permit discovery, the Court "may make such orders in regard to the failure as are just," including

An order striking out pleading or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

The record in this case shows that defendants Paden and Revere have failed to obey three orders of this Court providing that discovery be had. Though this Court has stayed its hand for nearly eight months since defendants' counsel requested additional time to comply with the December 8, 1981 Order, defendants have not yet complied with the Orders of March 2, 1981, April 22, 1981, or December 8, 1981. At no juncture in this litigation have defendants sought a protective order nor have they filed any objections either to plaintiffs' interrogatories or to plaintiffs' request for documents. Furthermore, defendants Paden and Revere have filed no reply to the plaintiffs' motion for default judgment.

In a proper case the court may dismiss entirely the claim of a party who will not cooperate in discovery. *In re Fine Paper Antitrust Litigation, Alaska, et al. v. Boise Cascade Corp., et al.,* 685 F.2d 810, (3d Cir., 1982). Similarly, default judgment may be entered against a defendant who will not cooperate in discovery. Though entry of default judgment is a more drastic sanction than the other measures provided for in Fed.R.Civ.P. 37, a default judgment is warranted where the offending party has completely failed to comply with the Court's orders. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Al Barnett & Son, Inc. v. Outboard Marine Corp.,* 611 F.2d 32 (3d Cir. 1979). Such a sanction serves both to punish the offending parties, to deter similar disre-

gard for Court Orders in the future, and to expedite the litigation. The Court finds that a default judgment is proper in light of the circumstances of this case. *See Capitol Life Ins. Co. Rosen*, 69 F.R.D. 83 (E.D.Pa.1975); *Plant v. Chrysler Corp.*, 70 F.R.D. 35 (D.Del.1975); *Philpot v. Philco Ford Corp.*, 63 F.R.D. 672 (E.D.Pa. 1974); *Iaconelli v. Anchor Lines, Ltd.*, 51 F.R.D. 144 (E.D.Pa.1970). *See also Haskins v. Lister*, 626 F.2d 43 (8th Cir. 1980); *Affanato v. Merrill Bros.*, 547 F.2d 138 (1st Cir. 1977).

■ Entry of default under these circumstances does not offend due process so long as the factual record warrants a presumption that the discovery sought would be adverse to the defendants. Such a presumption is warranted because of defendants' repeated and knowing failure to provide discovery. *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909). In this case, the record clearly shows that defendants' counsel and Mr. Paden are aware of the Court's Orders regarding discovery but that they have repeatedly failed to comply, or even attempt to comply with those Orders. Thus, the Court may reasonably presume that the information sought would be favorable to the plaintiffs and adverse to the defendants.

■ The application of sanctions pursuant to Fed.R.Civ.P. 37 rests within the discretion of the Court. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976). Regarding the proper exercise of that discretion, the United States Supreme Court recently stated that

> Rule 37(b)(2) contains two standards—one general and one specific—that limit a district court's discretion. First, any sanction must be "just"; second, the sanction must be specifically related to the particular "claim," which was at issue in the order to provide discovery.

*Insurance Corporation of Ireland, Ltd., et al. v. Compagnie des Bauxites de Guinee*, —— U.S. —— at ——, 102 S.Ct. 2099 at 2107, 72 L.Ed.2d 492 (1982). In this case, default is certainly just in light of the defendants' consistent failure to comply with Court Orders. All of the aforementioned discovery required by these orders sought to elicit information regarding plaintiff's contentions that defendants Paden and Revere engaged in fraudulent and deceptive conduct that deprived the plaintiffs of substantial sums of money. Thus, the Court's entry of default judgment against the defendants comports with the two-pronged limit on discretion in applying Rule 37(b)(2) sanctions as articulated by the Supreme Court in *Insurance Corporation of Ireland, supra.*

In reaching its determination, the Court has considered the fault of counsel and the defendants. Courts have imposed Rule 37 sanctions directly on counsel where it has been determined that counsel, and not the party, is at fault. Courts have also held that the attorney's responsibility for failure to obey court orders should be considered a mitigating factor in determining whether to impose sanctions against a party and the appropriate sanction against the party. *See Edgar v. Slaughter*, 548 F.2d 770 (8th Cir. 1977); *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974). *See also* R. Rodes, K. Ripple, C. Mooney, *Sanctions Imposable for Violation of the Federal Rules of Civil Procedure*, 70–75, 27–28, (1981). The record shows that Mr. Zdrok, counsel for defendants Paden and Revere, has failed to comport with the standards of conduct expected of a member of the bar of this court. However, Mr. Zdrok's letter of December 31, 1981 indicates that he was in communication with Mr. Paden regarding the Court's discovery orders and that Mr. Paden, the chief officer of defendant Revere, was aware that discovery was being sought under Court Order from defendants Paden and Revere. Under these circumstances, the Court deems it appropriate in the interest of justice to enter default judgments rather than to impose sanctions directed at the attorney for the defendants.

For the reasons heretofore set forth, the Court will enter an Order granting plaintiffs' motion for default judgments against defendants Paden and Revere. An appropriate Order will be accordingly entered.