Ruth Lewin **SIME, Plaintiff-Appellant,**

v.

**TRUSTEES OF the CALIFORNIA STATE UNIVERSITY AND COLLEGES et al., Defendants-Appellees.**

No. 74–2284.

United States Court of Appeals,
Ninth Circuit.

Dec. 4, 1975.

---

Nancy L. Davis, Equal Rights Advocates, Inc., San Francisco, Cal., for plaintiff-appellant.

Richard M. Skinner, Deputy Atty. Gen., Sacramento, Cal., for defendants-appellees.

Before DUNIWAY and KENNEDY, Circuit Judges, and BURNS,* District Judge.

DUNIWAY, Circuit Judge:

Sime claims that the failure of California State University at Sacramento to employ her as a chemistry teacher was a violation of the prohibition of employment discrimination based upon sex in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Pursuant to Section 65(a)(2), F.R.Civ.P., the court ordered trial of Sime's action on the merits to be consolidated with her application for a preliminary injunction. Sime undertook considerable discovery, but she did not ask for a pre-trial conference and none was held. After more than four days of trial, Sime rested, and the defendants moved for dismissal under Rule 41(b), F.R.Civ.P. During the argument on the motion, defendants maintained that Sime's own witnesses' testimony showed that defendants had legitimate non-discriminatory reasons for not hiring Sime in the job that she wanted. The court granted the motion, made findings of fact and conclusions of law, and entered judgment for defendants. Sime appeals.

The court's decision was on the merits (Rule 41(b)), and its findings of fact are not to be set aside unless clearly erroneous (Rule 52(a)). *See Island Service Co. v. Perez,* 9 Cir., 1962, 309 F.2d 799, 803. Sime does not attack the findings. Instead, she argues that it was improper for the court to rule on the Rule 41(b) motion "without first affording Plaintiff a fair opportunity to show that the reason advanced [for failure to hire] was a pretext for discriminatory conduct." (Brief page 1) She claims that by entertaining the motion the judge failed to allow her the third step "of a three-step procedure required by *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 . . . (1973)." (Brief page 9) There is no merit in Sime's claim, for two reasons.

The first reason is that she never raised the claim in the trial court. She suggests that the trial judge deprived her of her opportunity to do so by not holding a pre-trial conference. This is nonsense. She never asked for a pre-trial conference, and the local rule put the onus on her to ask. See Local Rules 103–107, Civil Rules, U.S. District Court, N.D.Cal., adopted by the U.S. District Court, E.D.Cal. (1973 ed.). When she rested her case, she made no attempt to reserve the right of which she now claims to have been deprived. When the Rule 41(b) motion was made, she made no objection upon the ground that she now asserts. When it was argued, she never raised the question. Neither at the time when the judge decided the mo-

---

* The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

tion against her, nor during the three months between then and the court's findings, or the three more weeks between the findings and the judgment, did she ask the judge to set his decision aside to permit her to introduce evidence of pretext. She made no suggestion at any time that she had such proof, much less an offer of proof. She made no motion for a new trial under Rule 59(a), F.R.Civ.P., or for relief from judgment under Rule 60(b). She simply appealed, and raised her claim for the first time in her opening brief on appeal. This will not do. We do not ordinarily reverse on grounds never presented to the trial judge, especially where, if they had been presented, he could have cured the purported error. This is just such a case. See Rule 46, F.R.Civ.P.

The second reason is that the Supreme Court's *McDonnell Douglas* decision does not mandate the judicial minuet that Sime claims that a trial judge must dance in Title VII cases. In *McDonnell Douglas,* Mr. Justice Powell stated the issue as follows (411 U.S. at 801, 93 S.Ct. at 1824):

> In this case respondent, the complainant below, charges that he was denied employment "because of his involvement in civil rights activities" and "because of his race and color." Petitioner denied discrimination of any kind, asserting that its failure to re-employ respondent was based upon and justified by his participation in the unlawful conduct against it. Thus, the issue at the trial on remand is framed by those opposing factual contentions. The two opinions of the Court of Appeals and the several opinions of the three judges of that court attempted, with a notable lack of harmony, to state the applicable rules as to burden of proof and how this shifts upon the making of a prima facie case. We now address this problem. [footnotes omitted]

The Court then proceeded to hold: (1) that the plaintiff in a Title VII trial "must carry the initial burden . . . of establishing a prima facie case of

[sex] discrimination" (*id.* at 802, 93 S.Ct. at 1824), (2) that if plaintiff meets that burden, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the [applicant's] rejection." (*id.*) and (3) that if the employer meets his burden, the plaintiff must "be afforded a fair opportunity to show that [the defendants'] stated reason for [plaintiff's] rejection was in fact pretext." (*id.* at 804, 93 S.Ct. at 1825). See also 411 U.S. at 807, 93 S.Ct. 1817.

The Court did not prescribe any particular procedure for accomplishing this result. The case did not arise from the granting of a Rule 41(b) motion. It was one in which the trial court had dismissed the plaintiff's claim under § 703(a)(1) because the EEOC had not found reasonable cause to believe that a violation of that section had occurred. Thus the trial court had not reached the "pretext" issue, 411 U.S. at 797, 93 S.Ct. 1817. The Court, in upholding a reversal as to the § 703(a)(1) claim by the Court of Appeals, merely laid down rules as to the shifting of the burden of proof. It did not prescribe a particular procedure because it had no reason to do so.

There will be cases under Title VII in which it would not be appropriate to grant a Rule 41(b) motion. For example, if plaintiff merely introduces evidence which, if credited, would establish a prima facie case and then rests, such a motion could be granted only if the trial judge should resolve credibility issues against the plaintiff. Otherwise, he would have to let the defendant present evidence to meet its burden and, if defendant did so, to permit plaintiff to meet the new "pretext" burden. But this is not such a case. Here, Sime met her initial burden. Defendants also met their burden out of the mouths of Sime's own witnesses, by cross-examining them. The burden them moved back to Sime, and she should have undertaken to meet it before she rested. This she did not do. She was under no compulsion to rest; it was her counsel's decision to do so. If counsel made a mistake in resting, the

argument on the Rule 41(b) motion should have alerted them. If it did not, the granting of the motion should have. Yet counsel never asked the trial court for relief. This, too, will not do.

Affirmed.