Rosalie M. CACCHIONE, Plaintiff,

v.

ERIE TECHNOLOGICAL PRODUCTS, INC., Defendant.

Civ. A. No. 80–220 ERIE.

United States District Court, W. D. Pennsylvania.

June 29, 1982.

---

Gene P. Placidi, Bradley H. Foulk, Erie, Pa., for plaintiff.

Irving O. Murphy, MacDonald, Illig, Jones & Britton, Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

This is an action brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. and the Fair Labor Standards Act, 29 U.S.C. §§ 206–216. In this action the plaintiff, Rosalie Cacchione, alleges that her employer, Erie Technological Products, Inc. (ETP), discriminated against her on the basis of her sex. Specifically the plaintiff alleges that in 1973 she was promoted to the position of timekeeping supervisor at ETP. According to the plaintiff this position had previously been held by a man named Joseph Krahe. Plaintiff contends that, upon her promotion, she performed substantially the same duties as Krahe; yet was paid considerably less.

This case was tried before the court and a jury with the court determining all issues related to the Title VII claim while the jury considered the alleged violation of the Fair Labor Standards Act. At the conclusion of all the testimony the jury found in favor of the defendant on the Fair Labor Standards Act claim. Upon a review of the entire record in this matter we conclude that the defendant is entitled to a judgment in its favor on the Title VII claim as well.

The testimony and evidence produced at trial reveal that the plaintiff, Rosalie Cacchione, worked for defendant ETP from August 1955 until she was laid off in 1978. Throughout this period plaintiff's duties consisted primarily of timekeeping; first as a timekeeper, and later as a utility clerk and timekeeping supervisor. The plaintiff possesses a high school education but has received no further formal education. It is undisputed that, throughout her employment with ETP, the plaintiff performed her duties in a generally satisfactory manner.

In 1965, Joseph Krahe was hired by ETP as an engineering associate in the industrial engineering department. At this time Mr. Krahe had a bachelor's degree in accounting and had been working for more than ten years as an accountant/cost analyst at Lake Erie Pipe and Supply Company. While employed with ETP Krahe worked toward and received a master's degree in economics from Gannon College.

As an engineering associate one of Mr. Krahe's duties was to supervise the timekeeping department. This was the department in which Mrs. Cacchione worked. At this time between four and six utility clerks worked in this department. Mr. Krahe's duties as a timekeeping supervisor included occasional clerical work, however, he was not required to perform clerical timekeeping on a regular basis. Moreover supervision of the timekeepers was just one of Krahe's duties. In addition to his timekeeping function Krahe had several other responsibilities including: assisting in the design of plant layouts; preparing hourly job descriptions and evaluations upon request; preparing flow process charts and load capability reports on equipment and machinery; preparing cost justification and cost analysis of proposals and projects; maintaining and updating standard costs for the industrial engineering department; and performing and assisting in the performance of time studies.

In 1972, Krahe's job title was changed from engineering associate to cost analyst. Krahe's duties, however, remained essentially the same. As a cost analyst Krahe received a weekly salary of $215.

Krahe left ETP in 1973 to accept employment elsewhere. At the time of his resignation Krahe recommended that the plaintiff Mrs. Cacchione take over that part of his job relating to timekeeping. Following Krahe's recommendation, ETP offered the plaintiff a promotion to timekeeping supervisor.

Mrs. Cacchione accepted the position of timekeeping supervisor in the summer of 1973. At the time of her promotion the plaintiff was earning $124.50 per week as a utility clerk. Upon her promotion the plaintiff's salary was increased to $150 per

week. In January of 1974 the plaintiff received an additional wage increase to $162 per week. Following her promotion in 1973 Mrs. Cacchione functioned as a working supervisor. That is, she continued to perform the clerical timekeeping function on a regular basis in addition to supervising the work of other utility clerks in the department. At the time of plaintiff's promotion production at ETP's Erie plant began to fall dramatically. As a result there were significant cuts in personnel. These cuts were reflected in the timekeeping department. Between the date of the plaintiff's promotion and her eventual layoff in 1978, the timekeeping department never consisted of more than three persons, two utility clerks and the plaintiff. Eventually this reduction in work force at the EPT Erie plant resulted in the layoff of the plaintiff herself. There is no allegation that this layoff was in anyway discriminatory.

In order to establish a prima facie case of sex discrimination with respect to compensation, the plaintiff must show that she was paid less than her male counterpart for work requiring substantially the same responsibility. *Nulf v. International Paper Co.*, 656 F.2d 553 (10th Cir. 1981). In this case the plaintiff has not met her burden of establishing a prima facie case of discrimination. Therefore, we must enter a judgment for the defendant on Count I of the plaintiff's complaint.

The evidence presented at trial demonstrates that the plaintiff and Joseph Krahe did not perform substantially similar work. Admittedly Krahe did serve as a timekeeping supervisor while at ETP. However, he also performed a variety of other tasks including: plant layout work; job descriptions and evaluations; flow process charts and load capability reports on equipment and machinery; cost justification and cost analysis; and time studies. Performance of these duties involved a substantial portion of Mr. Krahe's work time and constituted a significant part of his responsibilities with ETP. In contrast, Mrs. Cacchione's duties with ETP were limited almost exclusively to timekeeping.

Moreover, even within the timekeeping department the work performed by Krahe and Cacchione differed significantly. Mrs. Cacchione supervised a staff of utility clerks half the size of that directed by Mr. Krahe. Mrs. Cacchione was a working supervisor with regular clerical timekeeping responsibilities; Krahe was not. Thus, we conclude that plaintiff has not met her burden of proving a prima facie case of sex discrimination under Title VII. This being the case judgment must be entered for the defendant on Count I of the plaintiff's complaint.

The foregoing shall constitute the findings of fact and conclusions of law of this court.