930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary C. CARINI, Plaintiff-Appellant,
v.
MONONGAHELA POWER COMPANY, Defendant-Appellee.
 No. 90-3504.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, Senior District Judge. (CA-88-117-C-K)
 James Patrick Bower, Clarksburg, W.Va., for appellant.
 Edward Gerwig Kennedy, Fairmont, W.Va. (argued), for appellee; Toni M. Nesselrotte, Fairmont, W.Va., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Mary C. Carini brought this action alleging Monongahela Power Company violated her rights under the Equal Pay Act. 29 U.S.C.A. Sec. 206(d) (West 1978). The district court granted summary judgment in favor of Monongahela. We affirm.
 
 I.
 
 2
 Carini began her employment with Monongahela in 1952 and became a clerk in the early 1970's. As a clerk, she was principally responsible for maintaining meter records. Carini could complete this task, which consisted mainly of entering data into a computer, in approximately 30 hours per week. In order to furnish Carini enough tasks to fill a workweek, Monongahela assigned Carini to relieve a dispatcher for one hour per day. Carini also substituted for a dispatcher when he was ill or on vacation. On one occasion, Carini relieved a dispatcher who was away from work for fourteen and one-half weeks following surgery.
 
 
 3
 A dispatcher receives telephone reports of electricity outages, determines which are the most critical, and assigns service crews to make repairs. The position of dispatcher was generally filled by a man while the position of clerk was usually filled by a woman. Dispatchers were paid more than clerks; however, Carini was paid a clerk's salary during the time she worked as a dispatcher. Monongahela denied Carini's request that she be paid the salary of a dispatcher for the time she spent performing this job.
 
 
 4
 The magistrate judge, to whom the case was referred, recommended that summary judgment be granted for Monongahela. The district court accepted the recommendation of the magistrate judge finding that Carini had failed to offer evidence sufficient to establish a prima facie case, or alternatively, that Monongahela had shown that the unequal pay was a result of a factor other than sex, and therefore did not constitute a violation.
 
 II.
 
 5
 Summary judgment should be entered against a party who, after a reasonable time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether a sufficient showing has been made, the underlying facts and all reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). This court reviews a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir.1988).
 
 
 6
 In order to establish a prima facie violation of the Equal Pay Act, Carini must show that Monongahela paid "different wages to employees of the opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.' " Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974) (quoting 29 U.S.C.A. Sec. 206(d)(1)). We agree with the district court that Carini has not shown a prima facie case because she has failed to offer any evidence tending to show that the duties of a dispatcher and a clerk are substantially similar. Indeed, the evidence indicates just the opposite. The position of clerk principally involves entering data into a computer while the position of dispatcher entails prioritizing the severity of electricity outages and coordinating personnel.
 
 
 7
 Carini contends that although the duties of a dispatcher and a clerk may not be substantially similar, she must be paid the same salary as a dispatcher for the time each day that she actually performed the duties of a dispatcher. However, for purposes of establishing a prima facie violation of the Equal Pay Act, positions are not considered substantially similar merely because one performs identical work part of the time. "It is the overall job, not its individual segments, that must form the basis of comparison." Gunther v. County of Washington, 623 F.2d 1303, 1309 (9th Cir.1979), aff'd, 452 U.S. 161 (1981); accord Nulf v. International Paper Co., 656 F.2d 553 (10th Cir.1981); see also 29 C.F.R. Sec. 1620.15(b) (1990).
 
 
 8
 Carini also claims that her reassignment to the position of dispatcher for more than three months without being compensated as a dispatcher constitutes a violation of the Act. She relies on a regulation delineating the circumstances under which an employer may temporarily transfer an employee while maintaining the employee's pre-transfer pay rate without violation of the Act. See 29 C.F.R. Sec. 1620.26 (1990). This regulation provides that an employer does not violate the Act by temporarily reassigning an employee to a higher-paying position without increasing the employee's pay. 29 C.F.R. Sec. 1620.26(b). The "temporary" nature of the transfer, however, may be questioned if the reassignment lasts more than one month. Id. We find Carini's argument that her relief of the dispatcher was not "temporary" within the meaning of the regulation because it lasted more than one month lacks merit. It is undisputed, as Carini admitted in deposition testimony, that Carini's reassignment to dispatcher during her co-worker's absence was only temporary.
 
 
 9
 We find the district court correctly ruled that Carini failed to show evidence sufficient to raise a genuine issue of material fact with respect to an element of her prima facie case. We need not address the alternative ground upon which the district court rested its decision. Accordingly, we affirm.
 
 
 10
 AFFIRMED.