951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carolyn J. TURNER, Plaintiff-Appellant,
v.
KERR-McGEE CORPORATION, Defendant-Appellee.
 No. 90-6338.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 JOHN P. MOORE, District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff appeals from an order of the district court granting Defendant's motion for summary judgment. Plaintiff commenced an action against Defendant alleging age discrimination, 29 U.S.C. §§ 621-634, and sex discrimination, 42 U.S.C. §§ 2000e to 2000e-17, for her failure to receive a promotion and for constructive discharge. The district court granted Defendant's motion for summary judgment on the grounds that Plaintiff failed to prove a prima facie case of age or sex discrimination with regard to either nonpromotion or constructive discharge.
 
 
 5
 To establish a prima facie case of discrimination for failure to promote, Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position for which the employer was seeking applicants; and (3) despite her qualifications she was rejected for the promotion. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-54 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Nulf v. International Paper Co., 656 F.2d 553, 558 (10th Cir.1981).[1] Because Plaintiff failed to prove that she was qualified for the promotion position, the district court concluded that Plaintiff failed to state a prima facie case. We agree and affirm the granting of summary judgment on the nonpromotion claim for substantially the reasons stated by the district court in its order.
 
 
 6
 Plaintiff also alleged discriminatory constructive discharge. To establish a prima facie case of constructive discharge, a plaintiff must show that (1) she is within the protected age group; (2) she was doing satisfactory work; (3) her discharge was in spite of her satisfactory work; and (4) her position was filled by a younger person. Cockrell v. Boise Cascade Corp., 781 F.2d 173, 177 (10th Cir.1986).
 
 
 7
 A constructive discharge occurs when an employer deliberately makes or allows an employee's working conditions to be so intolerable the employee has no choice but to quit. Id. The test for constructive discharge is whether a reasonable person would view the working conditions as intolerable and feel compelled to resign. Id.
 
 
 8
 The district court found that Plaintiff failed to prove that she was discharged in spite of her satisfactory work and, therefore, failed to set forth a prima facie case. After reviewing the record on appeal, we conclude Plaintiff failed to establish by significant evidence that the conditions of her employment were so intolerable that she had no choice but to resign. Accordingly, we agree with the district court, for substantially the reasons set forth in its order, that Plaintiff failed to meet her burden of proving a prima facie case of constructive discharge.
 
 
 9
 Because the district court properly granted Defendant's motion for summary judgment, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The framework for assessing evidence in age and sex discrimination cases is very similar. Spulak v. K Mart Corp., 894 F.2d 1150, 1153 (10th Cir.1990)