Clarence SHARP, Plaintiff—Appellant,

v.

Tommy G. THOMPSON, Secretary, Department of Health & Human Services Agency, et al., Defendants—Appellees.

No. 01–57182.

D.C. No. CV–98–03635–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2003.

Decided Feb. 27, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

## MEMORANDUM *

Clarence Sharp appeals the district court's Rule 52(c) judgment in favor of his former employer, Tommy Thompson, Secretary of Health and Human Services, and the United States Food and Drug Administration ("FDA"), on his discrimination claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Sharp's contentions relating to the formal findings of fact issued by the district court are misplaced. First, it is not impermissible for a trial court to adopt a party's proposed findings wholesale. *Russian River Watershed Protection Comm. v. City of Santa Rosa,* 142 F.3d 1136, 1141 (9th Cir.1998). Second, the findings are not contrary to the weight of the evidence. The FDA introduced evidence that Sharp's deficient work performance was a legitimate nondiscriminatory reason for its refusal to promote him and for the hostile work environment he faced. To prevail thereafter, Sharp was required to demonstrate that the FDA's proffered reason was pretext for impermissible discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Sharp's own testimony, however, revealed that he consistently missed deadlines, repeatedly submitted unacceptable work, and received several negative evaluations. He never received an evaluation score higher than 300 points, the minimum required to maintain successful employment, and he introduced no evidence of other employees who had been promoted despite such consis-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tently low scores. His own witnesses testified that all other employees were treated better than Sharp, regardless of race or age. Thus, the district court's finding that the FDA's proffered reason was not pretext is not clearly erroneous. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 524, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Nor did the findings of fact impermissibly include a determination that Sharp's employment conditions were not retaliation for the filing of Equal Employment Office (EEO) complaints, even though the bench ruling did not reference retaliation. "[T]he rule in this circuit is that the formal findings of fact and conclusions of law supersede the oral decision." *White v. Wash. Pub. Power Supply Sys.,* 692 F.2d 1286, 1289 n. 1 (9th Cir.1982). Considering that Sharp only presented evidence that his supervisors knew he filed EEO complaints, not that they took action as a result, the district court properly concluded that his negative employment conditions did not result from impermissible retaliation. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir.2002) (prima facie case of discriminatory retaliation requires showing of causal connection between protected activity and adverse employment action).

We also reject Sharp's argument that he was denied the opportunity to be "fully heard" under Rule 52(c) because the court entered its judgment before the defense presented its case. Once the FDA proffered its legitimate nondiscriminatory reason during Sharp's case-in-chief, Sharp had the opportunity, and was in fact required, to prove that reason was pretextual. Instead, he rested his case. *See Sime v. Trs. of Cal. State Univ.,* 526 F.2d 1112, 1114–15 (9th Cir.1975). While the district court improperly admitted witness declarations, because the judgment is supported

by properly admitted evidence, the error is harmless. *See Janes v. Wal–Mart Stores, Inc.,* 279 F.3d 883, 886 (9th Cir.2002). The district court did not err in concluding that while the FDA singled out Sharp and created an unpleasant atmosphere in which to work, it did not do so because of his age, race, or filing of EEO complaints, and therefore did not violate Title VII.

**AFFIRMED.**