**FOR THE TENTH CIRCUIT**

FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

SENAYET TUFFA; SADIA
ABDUSALEM; AGNES AIDOO;
MARY BOATEMAH; AMINA
BORIYO; NURIDA BORIYO;
LENSSA BUBA; ABDI CHALTU;
TIGEST DESTA; ELASABETH
GETACHEW; ZEWDINEH GIZAW;
BANCHEAMLAK HAILU;
KAMIRIYA JIMJIMO; BERHANE
KIDANE; MAKIDA LESISO;
ADDISALEM NIGATU; OSHAIK
OWMAR; MOMINA TUFA;
FIKERETE WAKJIRA; ROBDU
WALIO; REDA WELANSA;
SHEWANARGAW WOLDEPSEICK;
GEZAHEGNE WOLDHNNA;
FISSEHA WONDAFRASH,

      Plaintiffs-Appellants,

v.

FLIGHT SERVICES & SYSTEMS,
INC.,

      Defendant-Appellee.

No. 15-1163
(D.C. No. 1:13-CV-03243-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*]    The plaintiffs have requested oral argument, but we do not believe oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

(continued)

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

This appeal arises out of the firing of 22 African employees by Flight Services & Systems, Inc. The 22 employees invoke Title VII, claiming disparate treatment based on race or national origin.[1] *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). After a jury trial, Flight Services obtained a judgment in its favor.

For 18 of the plaintiffs, the district court excluded a letter from the Equal Employment Opportunity Commission (EEOC), which had found reasonable cause to believe that Flight Services had violated Title VII.[2]

---

But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1]    Two other African employees sued, but their claims are not involved in this appeal.

[2]    The letter states:

I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that there is a violation of Title VII in that [Flight Services] failed to provide language assistance when employees were required to take the SIDA Badge Test, and engaged in a nationwide pattern or practice of discrimination by requiring applicants to take and pass two internal tests that required applicants to be proficient in reading, writing and speaking English, a requirement that is not necessary for the satisfactory performance of their jobs. Likewise, [Flight Services] failed to conduct an impact study, job task analysis, and/or studies to establish the validity of the two internal tests, which tests have

(continued)

The district court reasoned that under Federal Rule of Evidence 403, the probative value of the EEOC letter was substantially outweighed by the dangers that the jury would be unfairly prejudiced, confused, or misled. The plaintiffs appeal the exclusion of the EEOC letter. Because the district court did not abuse its discretion in excluding the letter, we affirm.

I.      **We review the district court's decision to exclude the EEOC letter for an abuse of discretion.**

In reviewing the evidentiary ruling, we apply the abuse-of-discretion standard. *Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1083 (10th Cir. 2010).

The plaintiffs argue that we should intensify our review when considering the admissibility of agency findings on discrimination. We disagree, for we have consistently reviewed the admissibility of agency findings under the conventional abuse-of-discretion standard. In *Hall v. Western Product Co.*, for example, the plaintiff alleged violation of the Age Discrimination in Employment Act. 988 F.2d 1050, 1051 (10th Cir.

---

a disparate impact based on race (Black) and national origin (nationalities which favor a language other than English). [Flight Services'] discriminatory practices adversely affect a class of aggrieved individuals who are Black, or whose nationality favors a language other than English. . . . The Commission makes no finding regarding any other allegation made in the charges.

Appellant's App'x, vol. 2 at 48-49.

1993). Invoking Rule 403, the district court declined to admit into evidence a Wyoming Fair Employment Commission report that had found no discrimination. *Id.* at 1058. We affirmed, reasoning that "the district court is granted discretion to determine when otherwise relevant, thus admissible, evidence should be excluded." *Id.*; *see also Nulf v. Int'l Paper Co.*, 656 F.2d 553, 563 (10th Cir. 1981) ("Trial courts have discretion in deciding whether to admit EEOC determinations into evidence . . . .").

Rule 403 grants the same discretion to the district court here. Accordingly, we ask only whether the district court abused its discretion in excluding the EEOC letter.

## II.   The district court did not abuse its discretion in excluding the EEOC letter.[3]

To avoid confusing the jury, the district court applied Rule 403, which allows exclusion of relevant evidence if the "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." In applying this rule, the district court reasoned that

- the jury might be "overly influenced" by the EEOC report and

---

[3]   The plaintiffs argue that we must first analyze whether the EEOC letter (1) is relevant under Federal Rule of Evidence 401 and (2) falls under the public-record exception to the rule against hearsay (Federal Rule of Evidence 803(8)). We assume, without deciding, that the letter is relevant and that it qualifies as a public record.

4

- the EEOC applied a different standard of proof than the standard to be applied by the jury.

Appellant's App'x, vol. 2 at 58-59. This evidentiary ruling did not constitute an abuse of discretion.

### A. The letter could have engendered undue deference to the EEOC's findings and confused the jury.

The district court concluded that the letter posed too great a risk of unfair prejudice and juror confusion. In our view, the district court did not abuse its discretion in coming to this conclusion.

First, if the district court allowed introduction of the EEOC letter, the jury may have felt the need to defer to the EEOC because of its perceived expertise. To avoid this risk, the court may have reasonably thought it needed to exclude the letter. *See Hall*, 988 F.2d at 1058 (holding that it was not an abuse of discretion for the trial court to exclude an agency finding of no discrimination on the ground that the report would "suggest to the jury that it should reach the same conclusion" as the agency).

Second, introduction of the EEOC letter might have confused the jury because different standards and theories were involved in the EEOC proceedings and the jury trial. In the EEOC proceedings, the standard was "reasonable cause," but the jury had a different standard: "preponderance of the evidence." *See* Jury Inst. No. 2, Dkt. No. 86; *see also* note 5, below (discussing judicial notice of the proceedings in district court). In these

5

circumstances, the jury would have needed to temper deference to the EEOC based on recognition that it applied a different burden of proof.

The EEOC not only applied a different standard, but also considered different theories. The EEOC considered disparate impact,[4] but in the trial the plaintiffs did not claim a disparate impact.[5] Instead, they relied on a different theory: disparate treatment. *See J.V. v. Albuquerque Pub. Schs.*, ___ F.3d ___, 2016 WL 683282, at *7 (10th Cir. Feb. 19, 2016) ("Unlike a claim for disparate treatment, a claim for disparate impact doesn't require proof of intentional discrimination.") (internal quotation marks omitted)). Thus, if the EEOC letter had been introduced, the jury would have had to account for a difference in the claims.

Ignoring differences in the standards and the claims, the plaintiffs argue that the EEOC's expertise would have helped the jury. That may be true. Even if it is, however, the difference in standards and claims could easily have led to confusion as the jury attempted to separate its own inquiry from the EEOC's.

---

[4] Appellant's App'x, vol. 2 at 48-49 (EEOC's statement that two of Flight Services' tests "have a disparate impact based on race . . . and national origin").

[5] The trial transcript is not in our record on appeal. But we can take judicial notice of the admission by the plaintiffs' counsel that he was not asserting a claim of disparate impact. Trial Trans. at 778; *see Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) (stating that the court can take judicial notice of filings in district court).

**B.     The district court did not apply a per se rule of exclusion.**

The plaintiffs argue that the district court applied a per se rule of exclusion. We disagree; the court considered the EEOC letter and expressly determined that the letter would likely have

- confused and misled the jury and

- created unfair prejudice.

*See* Appellant's App'x , vol. 2 at 58-59 (acknowledgment by the district court of the "serious danger that the jury will think . . . the agency has already decided that the plaintiff[s] win[] this case . . . [a]nd . . . perhaps [be] overly influenced"). In arriving at this determination, the court acted within its discretion.

**C.     The district court did not fail to give the EEOC letter minimal reasonable risk of unfair prejudice.**

In addition, the plaintiffs argue in their reply brief that the district court failed to give the EEOC letter "minimum" prejudicial value. Appellants' Reply Br. at 18-19. This argument was waived and invalid.

It is true that the district court must give the evidence its minimal reasonable risk of unfair prejudice. *Deters v. Equifax Credit Info. Servs.*, 202 F.3d 1262, 1274 (10th Cir. 2000). But the plaintiffs did not argue in their opening brief that the district court had failed to give the evidence its minimal risk of unfair prejudice. By the time the plaintiffs made this argument in their reply brief, it was too late. *See Headrick v. Rockwell*

*Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (stating that appellate courts will generally not entertain issues raised for the first time in a reply brief).

The argument is not only late but also invalid: the district court never said anything to suggest that it failed to give the evidence its minimal reasonable danger of unfair prejudice.

### D. The district court's reasoning did not contradict Federal Rule of Evidence 803(8).

Finally, the plaintiffs argue that the district court should not have been concerned that the EEOC letter covered the same matters that the jury was to determine. According to the plaintiffs, "[s]uch reasoning contradicts [Federal Rule of Evidence] 803(8)." Appellants' Reply Br. at 13. We disagree: Rule 803(8) addresses hearsay, but does not vitiate Rule 403 or imply that agency findings will always be more probative than prejudicial. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002) ("[W]e decline Coleman's invitation to conclude that, based on the presumption of admissibility under Rule 803(8)(C), EEOC Letters of Determination are *per se* more probative than prejudicial under Rule 403 . . . ."); *Cortes v. Maxus Expl. Co.*, 977 F.2d 195, 201 (5th Cir. 1992) (concluding that an EEOC determination, to be admissible, must pass the test under Rule 403 even if the EEOC determination satisfies the hearsay exception in Rule 803(8)). As a result, the district court could justifiably

rely in part on the fact that the EEOC letter covered matters that the jury was to determine.

## III.  Disposition

We conclude that the district court did not abuse its discretion in excluding the EEOC letter. Thus, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge