**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOUGLAS L. SCHELIN,

    Plaintiff-Appellant,

v.

H.L. HAUN; HANK GALETKA;
RICHARD CLASBY; EVONNE T.
DEHAAN; AL CHANDLER; LAURA
DEVRIES,

    Defendants-Appellees.

No. 03-4225
(D. Utah)
(D.Ct. No. 02-CV-1076-DS)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **PORFILIO,** and **BRORBY**, Senior Circuit
Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Douglas L. Schelin, a litigant and inmate appearing *pro se*, appeals the district court's dismissal of his complaint relating to his 42 U.S.C. § 1983 claims against certain correctional officers. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Following Mr. Schelin's conviction, the Oregon Department of Corrections transferred him to a Utah state correctional facility for incarceration. In his § 1983 action, Mr. Schelin alleged certain Utah correctional officers violated his constitutional rights by deducting or withhold money from his prisoner's account to pay for certain expenses relating to his incarceration. Mr. Schelin asserted the Interstate Compact Agreement between Utah and Oregon restricted the Utah Department of Corrections from charging inmates for certain services, and instead, under the agreement, he must be afforded all the rights, privileges, and services afforded to prisoners by the Oregon Department of Corrections.

The district court directed Mr. Schelin to certify he exhausted his claim through the Utah correctional grievance system, and later ordered both the Utah and Oregon Departments of Correction to respond to the certification request. The United States Attorney's Office for the State of Oregon responded, stating: 1) Oregon Department of Corrections officials could not locate any grievance or

other records documenting Mr. Schelin's completion of available prison grievance procedures, and 2) the State Archivist retains non-medical inmate grievances for two years.

Similarly, an administrate law judge for the Utah Department of Corrections responded to the district court's order, explaining he dismissed Mr. Schelin's grievance as untimely, and attaching a copy of the dismissal, which states:

> On September 14, 1999, I reviewed the above-noted grievance appeal. Grievance policy (GGr 10/03.03) requires inmates to file grievances within seven calendar days of the event or knowledge of the event. Your grievance is based on events between September 13, 1996 and October 1, 1997. You filed your grievance on May 11, 1999.
>
> Failure to file in a timely manner is jurisdictional. Your grievance is not timely. It is dismissed.

After reviewing the state response letters and noting Mr. Schelin's continuing failure to respond to them, the district court dismissed his § 1983 complaint without prejudice, determining Mr. Schelin failed to meet his statutory burden of showing exhaustion of the necessary prison grievance processes. Thereafter, Mr. Schelin filed a motion to reinstate his § 1983 cause of action. Relying on our decision in *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002), the district court dismissed the motion, concluding Mr. Schelin could

not file an untimely grievance and then claim exhaustion of available remedies following administrative dismissal of his grievance as untimely.

Mr. Schelin appeals only the district court's denial of his motion to reinstate his complaint, which we construe as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Jernigan*, 304 F.3d at 1031. In his appeal, Mr. Schelin claims he gave correction officials notice of his grievance "several years prior to bringing the action," which should suffice as exhaustion, and attributes his failure to exhaust on delays caused by prison officials or destruction of prison grievances records. He also contends, without coherent discussion, he "is seeking relief for which the administrative procedure allows no remedy for (back wages, in this case), the prisoner is not been held by prior ruling to exhaust remedies."

For the first time on appeal, Mr. Schelin also submits evidence not previously included in the record, nor reviewed by the district court. This evidence includes an August 21, 1996 letter from the Utah grievance coordinator, denying his grievance on the merits, and stating "[y]ou may appeal [this] Level II decision by following the procedure outlined in FDr 02/03.02 Appeal Process." It also includes two letters Mr. Schelin wrote to the prison grievance coordinator.

One is an August 2, 1999 letter, requesting a complete copy of the interstate compact agreement on which his claim relies. The other is a July 26, 1999 letter, indicating a year's passage since requesting certification of exhaustion of his remedies, and a new request for the correct form to file with the clerk of court. The letter also contains a July 27, 1999 return notation from the grievance coordinator advising Mr. Schelin to submit an explanation of his issues to the clerk of court.

We review *de novo* an order dismissing a prisoner's § 1983 complaint for failure to exhaust administrative remedies under 42 U.S.C. §1997e(a), *see Jernigan,* 304 F.3d at 1032, or failure to state a claim through omission of allegations of exhaustion of administrative remedies and attachments showing the administrative disposition, *see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). However, because Mr. Schelin is not appealing the order dismissing his complaint and instead only appealing denial of his Rule 59(e) motion, we review its denial only for abuse of discretion. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1213 (10th Cir. 2001). On appeal, this court construes *pro se* pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Despite the liberal construction afforded *pro*

*se* pleadings, we generally do not consider arguments made for the first time on appeal, *see Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992), or evidence not in the record before the district court, *see Nulf v. Int'l Paper Co.*, 656 F.2d. 553, 559 (10th Cir. 1981).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) requires inmates to exhaust "available" administrative remedies prior to filing an action under § 1983, even where the "available" remedies appear futile at providing the kind of remedy sought. *Jernigan*, 304 F.3d at 1032. "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele*, 355 F.3d at 1207 (quotation marks and citation omitted). In a § 1983 action, the burden is on an inmate to sufficiently plead exhaustion of grievance proceedings, which includes supplying supporting information or documentation on exhaustion of prison grievance proceedings. *See id.* at 1209-10. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the Act] for failure to exhaust his administrative remedies." *Jernigan,* 304 F.3d at 1032. Similarly, an inmate who fails to exhaust his administrative remedies by failing to meet the time limit for filing a grievance does not exhaust his administrative remedies by default. *Id.* at 1033.

With these standards in mind, we have reviewed the pleadings, Mr.

Schelin's *pro se* brief, the record on appeal, and the district court's decision

denying the Rule 59(e) motion, considering them in light of the applicable law.

The district court issued a well-reasoned decision, and for the purposes of judicial

economy, we will not repeat its discussion here other to conclude that, applying

either the *de novo* or abuse of discretion standards of review, the district court

properly denied Mr. Schelin's motion for the reasons cited therein.[1]  In so doing,

we note the facts, issues, and holding in the *Jernigan* case, on which the district

court relied, are sufficiently similar to be dispositive of this appeal.  *See Jernigan*,

304 F.3d at 1030-33 (holding, in part, that failure to meet the time limit for filing

a grievance does not render administrative remedies exhausted by default).

As to the evidence submitted for the first time on appeal, as previously

indicated, this court does not consider arguments made for the first time on appeal

nor evidence not in the record before the district court.  *See In re Walker*, 959 at

896; *Nulf*, 656 F.2d. at 559.  Even if we were to consider it, it does not establish

---

[1]  Mr. Schelin did not attempt to appeal the district court's March 2003 order dismissing his claim, and the deadline for doing so has passed.  While he is only appealing the Order denying his motion to reinstate, we note our findings and holding in this appeal would, under *de novo* review, similarly pertain to the district court's Order dismissing the complaint, as it is based on the same facts and similar rationale as its other Order.

exhaustion of the administrative remedies available.[2]

As to the claim on appeal that his grievance took several years to process and officials delayed that process, Mr. Schelin does not show he himself took the necessary diligent steps to actively exhaust or pursue his administrative rights. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). In fact, the record indicates otherwise. Finally, concerning Mr. Schelin's statement he "is seeking relief for which the administrative procedure allows no remedy for (back wages, in this case), the prisoner is not been held by prior ruling to exhaust remedies," we will not construct arguments or theories for Mr. Schelin absent any coherent discussion of those issues. *See Drake v. City of Ft. Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

---

[2] The newly submitted August 1996 grievance decision pertains to different actions on different dates than the September 1999 appellate grievance decision, which the district court relied on in finding Mr. Schelin untimely filed his grievance. Nothing in the record shows Mr. Schelin appealed the August 1996 decision as instructed at the end of that decision. Thus, under *Jernigan,* 304 F.3d at 1032-33, Mr. Schelin's claim on the August 1996 grievance would also fail for failure to exhaust "available" administrative remedies. As to the other two letters from Mr. Schelin to the grievance coordinator, they merely evidence his attempt to exhaust the administrative remedies available to him. As previously stated, an inmate who begins the grievance process but does not complete it is barred from pursuing his § 1983 claim for failure to exhaust his administrative remedies. *Jernigan*, 304 F.3d at 1032-33.

Accordingly, we **AFFIRM** the district court's decision for substantially the same reasons articulated in its August 27, 2003 Order. We grant Mr. Schelin's motion to proceed without prepayment of the appellate filing fee and to pay the filing fee in partial payments. In so doing, we nevertheless remind Mr. Schelin of his obligation to continue making partial payments of the appellate filing fee pursuant to 28 U.S.C. § 1915(b) until the entire fee is paid. The mandate shall issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge